**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEBORAH JOY DURAND,

Defendant-Appellant.

No.  17-30244

D.C. No.
4:16-cr-00043-BMM-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted November 5, 2018**
Portland, Oregon

Before:  FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

Deborah Joy Durand appeals her convictions following a bench trial for fraudulent acts in violation of 18 U.S.C. §§ 1920, 1343, 287, and 641.

Viewing the evidence in the light most favorable to the prosecution, a finder of fact could reasonably determine that Durand's statements to Dr. James Hood regarding the extent of her impairments and pain were false. Because Dr. Hood's diagnosis of Durand as permanently disabled was based on her false statements, and the government relied on Dr. Hood's flawed diagnosis in classifying Durand as permanently disabled, Durand was not entitled to rely on either the diagnosis or the government's classification. For the same reason, neither the diagnosis nor the government's classification constituted entrapment by estoppel which prevented Durand from returning to work. *See United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004). Because Durand had certified that she would immediately inform the government of any improvement in her medical condition, she was not entitled to continue collecting benefits until the government asked her for follow-up information or offered her appropriate employment. Although Durand and her witnesses testified that she was in fact permanently disabled, the factfinder was free to credit the contrary evidence. *See United States v. Nevils*, 598 F.3d 1158, 1164–65 (9th Cir. 2010) (en banc).

A reasonable factfinder could also conclude that Durand was guilty of fraud for filing 31 claims for medically-related travel reimbursement to locations that had no corresponding records of medical appointments or prescription-pickups by Durand. Although Durand testified that the claims she filed were legitimate despite the lack of corresponding records, the factfinder was free to not believe her. *United States v. Williams*, 435 F.2d 642, 645–46 (9th Cir. 1970). Accordingly, the evidence introduced at trial was sufficient for a rational finder of fact to find the essential elements of the crimes beyond a reasonable doubt. *See Nevils*, 598 F.3d at 1163–65; *United States v. Spears*, 631 F.2d 114, 117 (9th Cir. 1980).

**AFFIRMED**.